**Harold Lee DRAPER,**
**Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of**
**Health and Human Services,**
**Defendant–Appellee.**

No. 89–8126.

United States Court of Appeals,
Eleventh Circuit.

April 30, 1990.

Charles L. Martin, Decatur, Ga., for plaintiff-appellant.

Nina Loree Hunt, Atlanta, Ga., for defendant-appellee.

Anita Kay Brotherton, John Jarrett, Mack A. Davis, Bruce R. Granger, Elyse S. Sharrman, and Mary Ann Sloan, Dept. of Health and Human Services, Office of the Gen. Counsel, Atlanta, Ga.

Before VANCE[*] and ANDERSON, Circuit Judges, and LYNNE[**], Senior District Judge.

PER CURIAM:

Harold Lee Draper appeals from a reduction in his disability benefits. The reduction was made by the Social Security Administration in 1986 to offset an award to Draper of worker's compensation benefits. He argues that the Social Security Administration's initial decision in 1979 that there would be no offset is administrative *res judicata*, and bars the 1986 offset.

## I.

On June 26, 1978, Harold Lee Draper filed a claim for disability insurance benefits with the Social Security Administration (hereinafter "the Secretary"). The Secretary denied his application initially and upon reconsideration, and Draper appealed. Prior to the hearing of his appeal, Draper applied for worker's compensation benefits, which he began receiving on October 10, 1978, in the amount of $95 per week.

Sometime thereafter, a hearing was held before administrative law judge (hereinafter "ALJ") Borowiec. The record indicates that Draper informed ALJ Borowiec that he was receiving worker's compensation benefits.[1] On April 9, 1979, ALJ Borowiec found that Draper was entitled to disability benefits, "subject to the appropriate statutory offset for workman's compensation paid." Section 224(a) of the Social Security Act, 42 U.S.C. § 424a(a), provides for an offset against disability benefits for worker's compensation those benefits received (normally under state law) by the beneficiary. Generally, the offset applies when the total of an individual's benefits and worker's compensation exceeds eighty percent of his or her pre-disability earnings, and it reduces the federal benefits by the excess. The Secretary made an initial

---

[*] Honorable Robert S. Vance was a member of the panel which heard oral argument but due to his death on December 16, 1989 did not participate in this decision. This case is decided by a quorum. *See* 28 U.S.C. § 46(d).

[**] Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. See *infra* at 1129–1130.

determination in 1979 that the statutory worker's compensation offset did not require any reduction in Draper's disability benefits.

Seven years later, on April 1, 1986, Draper entered into a settlement agreement of his state worker's compensation claim. Pursuant to this agreement, Draper received a lump sum of $39,500 in lieu of continued receipt of his $95 weekly payment. Draper notified the Secretary of this settlement. On September 11, 1986, the Administration informed Draper that his monthly benefits had been recalculated and that his disability benefits were subject to an offset for the worker's compensation settlement. The offset was held to be applicable only until Draper reached the age of 62, i.e., in March 1990. Draper filed a notice of reconsideration and the Secretary upheld its decision. Draper then requested an administrative hearing. ALJ Bork sustained the Secretary's determination. The ALJ rejected Draper's administrative *res judicata* argument for two reasons. First, he held that the conversion of the worker's compensation to a lump sum in 1986 was a new event and thus administrative *res judicata* did not bar a recalculation of benefits. Second, the ALJ held that, even absent the lump sum payment, the Secretary

could correct the error and adjust the benefits prospectively, because the principles of administrative *res judicata*, 20 C.F.R. §§ 404.987–404.989, apply only to prevent a retroactive recalculation of benefits. Draper appealed to the Appeals Council, which sustained the ALJ as to the issues relevant to this appeal.[2]

Draper filed an action in the district court for review of ALJ Bork's order. There he argued that the doctrine of administrative *res judicata* precluded the Secretary from reopening the 1979 offset determination, even though it might have been erroneous. The magistrate rejected Draper's argument and sustained the Secretary's decision. The district court adopted the magistrate's order with minor modifications. Draper now appeals. We reverse.

## II.

The Secretary presents two theories[3] on appeal to support the decision of the Appeals Council: (A) First, the Secretary argues that the doctrine of administrative *res judicata* should not apply because the 1979 determination was not the "type of decision to which courts have attached *res judicata*," Secretary's brief at 14; and (B) Second, the Secretary argues that the conver-

**2.** The Appeals Council also held that the first notice to the Secretary that Draper was receiving worker's compensation was notice of the lump sum in 1986. The Appeals Council held that the Secretary's September 11, 1986, decision was thus the initial determination on the offset issue. This additional basis for the Appeals Council's decision has no support in the record. The Secretary conceded this in the court below: "the record indicates that plaintiff had advised the administration [during the 1979 proceedings] that he was receiving weekly workmen's compensation payments. Nonetheless, the administration made a determination that his monthly disability benefits were not subject to the offset." R1:7 at 2. The Secretary made the same concession in brief on appeal. Secretary's brief, at 4.

**3.** We decline in this opinion to address other possible theories that might justify a decision not to invoke administrative *res judicata*, or might indicate that the doctrine is inapplicable to this case. We have carefully reviewed the Secretary's brief on appeal and have concluded that the only two theories fairly presented by

the Secretary are the two theories discussed in the text of this opinion. For example, in the district court, the Secretary argued that the administrative finality regulations, 20 C.F.R. §§ 404.987–404.989, apply only retroactively to prevent the Secretary from seeking a refund of overpayments previously made. Despite vague allusions, we conclude that the Secretary has not presented that theory on appeal with sufficient clarity to preserve the issue. Although the Secretary's brief also makes vague allusions to the purpose of 42 U.S.C. § 424a and the Secretary's obligation under that statute to make an appropriate reduction of benefits in light of workmen's compensation, and although the brief also makes vague allusions to the alleged windfall to Draper, we conclude that the Secretary has failed to articulate an understandable theory that *res judicata* is inapplicable or should not be invoked. We decline to speculate that the Secretary is attempting to assert some particular theory. Accordingly, we decline to address any such possible theory, and we conclude that the Secretary has failed to preserve for appeal any theories other than the two discussed in text.

sion of the worker's compensation to a lump sum in 1986 constituted a "change in the amount" thereof under 20 C.F.R. § 404.408(k), thus justifying a new calculation of the offset.

## A.

■ The Secretary argues that the 1979 determination—i.e., that Draper's benefits were not subject to the offset for worker's compensation—was not the type of decision to which administrative *res judicata* should apply, because in making that determination the agency was not acting in a judicial capacity and the parties did not have an opportunity to litigate the question of the proper amount of the offset. We reject the Secretary's argument. The Secretary has conceded in this litigation that the original calculation of Draper's benefits was an "initial determination" under 20 C.F.R. § 404.902. Such an "initial determination" is expressly subject to the doctrine of administrative *res judicata* contained in 20 C.F.R. §§ 404.987–404.989.[4]

## B.

Turning to the only theory which the Secretary has consistently urged in this litigation, we address the question of whether the lump sum settlement in 1986 constituted a change in the amount of Draper's workers compensation under 20 C.F.R. § 404.408(k), thus justifying a new "initial determination." In addressing this question, it will be helpful to explore the relevant regulatory background.

■ As noted above, the determination in 1979 that Draper's disability benefits would not be reduced on account of his worker's compensation was an "initial de-

termination." An "initial determination" is a determination made by the Secretary about a claimant's entitlement to benefits which gives the claimant the right to further review. 20 C.F.R. § 404.900(a)(1); 20 C.F.R. § 404.902. Determinations of entitlement or continuing entitlement to benefits, of the amount of benefits, or of a reduction in benefits due to the receipt of worker's compensation benefits are "initial determinations." 20 C.F.R. § 404.902(a), (c), (e). An "initial determination" is binding unless the claimant requests a reconsideration within the statutory period or the Secretary revises or reopens the "initial determination." 20 C.F.R. § 404.905.

Once review has been exhausted, a determination becomes final and may only be reopened under certain defined circumstances. 42 U.S.C. § 405(h); 20 C.F.R. §§ 404.987–404.989. This rule is known as the doctrine of administrative *res judicata* or administrative finality. Section 404.988 provides that cases may be reopened within 12 months for any reason, within four years for "good cause" as defined in the regulations, 20 C.F.R. § 404.989, or at any time for the reasons set forth in subpart (c) of section 404.988.

■ The Secretary contends that administrative finality does not bar the recalculation of Draper's disability entitlement, because the recalculation of Draper's benefit was an "initial determination" on new facts, not a reopening. Not only is the Secretary required to reduce the disability benefits of any claimant who receives disability benefits from another source, 42 U.S.C. § 424a(a); he is required to recalculate this offset whenever there is a "change in the amount" of those benefits. 20 C.F.R. § 404.408(k).[5] The Secretary ar-

---

**4.** Moreover, the Secretary has adduced no facts in the record to support its conclusory assertion that the parties had no opportunity to litigate the question of the proper amount of the offset. Obviously, someone acting on behalf of the Secretary made the original "determination that his monthly disability benefits were not subject to the offset." Secretary's brief in the district court, R1:7 at 2. Under 20 C.F.R. § 404.900, that "initial determination" was subject to full administrative and judicial review. Thus, it is

clear that the parties did have an opportunity to litigate the issue.

**5.** *That section provides, in part:*

**§ 404.408 Reduction of benefits based on disability on account of receipt of certain other disability benefits provided under Federal, State, or local laws or plans.**

. . . .

(k) *Effect of changes in the amount of the public disability benefit.* Any change in the amount of the public disability benefit re-

gues that the lump sum settlement constituted a "change in the amount" of Draper's worker's compensation under the regulations, requiring a recalculation of Draper's disability benefits. The Secretary argues that this recalculation of Draper's disability entitlement was not a reopening of the 1979 determination, but rather was an "initial determination" based on new evidence about worker's compensation. Thus the Secretary argues that the initial determination in 1979 is not *res judicata* on the amount of offset.

The flaw in this argument lies in the Social Security regulations themselves, which provide that a lump settlement is to be prorated and treated as a periodic payment to the extent possible:

> *Public disability benefit payable on other than monthly basis.* Where public disability benefits are paid periodically but not monthly, or in a lump sum as a commutation of or a substitute for periodic benefits, such as a compromise and release settlement, the reduction under this section is made at the time or times and in the amounts that the Administration determines will approximate as nearly as practicable the reduction [for the periodic benefit].

20 C.F.R. § 404.408(g); *see also* 42 U.S.C. § 424a(b) (providing that disability benefits reductions for lump sum payments shall approximate as nearly as practicable those for periodic payments). In Draper's case, the Secretary applied this regulation to his $39,500 lump sum settlement and prorated it at $95 per week, the same amount he had been receiving before the settlement. The settlement represented a change in the *form* of Draper's worker's compensation, but under the regulations it was not a change in *amount*. Therefore, the regulations did not authorize the Secretary to recalculate Draper's worker's compensation offset. Because the lump sum settlement was not a "change in the amount" of Draper's worker's compensation, the recalculation of Draper's offset was a second determination on the same facts. We

therefore reject the argument that the 1986 recalculation was an "initial determination."

For the foregoing reasons, the judgment of the district court is REVERSED and the case is REMANDED to the district court with instructions to remand to the agency for further proceedings not inconsistent with this opinion.

---

ceived will result in a recalculation of the reduction under paragraph (a) and potential-

ly, an adjustment in the amount of such reduction.