52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lloyd A. GENTRY, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 94-7110.
(D.C. No. CV-93-533-P)
 United States Court of Appeals, Tenth Circuit.
 April 17, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In 1981, claimant applied for Social Security disability benefits and was denied. He did not appeal that denial. Ten years later, in November 1991, the ALJ awarded claimant benefits based on a second application. In that decision, the ALJ found claimant to have been disabled since 1981, but did not find cause to reopen the 1981 application.
 
 
 3
 Approximately eight months after the November 1991 decision, claimant filed a request to reopen that decision. This was done so that claimant could argue cause to reopen the 1981 decision. As grounds for reopening, claimant alleged that he was mentally incompetent to appeal the 1981 denial and that he had been unrepresented by counsel at that time.
 
 
 4
 The same ALJ who had awarded benefits in 1991 held a supplemental hearing on the request to reconsider and issued his revised decision in January 1993. In the 1993 decision, the ALJ concluded that claimant's testimony at the supplemental hearing and that of his witnesses was so incredible as to cast doubt on the credibility determination from the previous disability hearing over which the ALJ had also presided. Armed with this new credibility determination, the ALJ again reviewed claimant's medical records and reversed his prior determination, this time finding claimant not disabled. The ALJ's determination became the Secretary's final decision when the Appeals Council denied review. The district court rendered judgment in favor of the Secretary, and claimant appeals.
 
 
 5
 Our review in social security cases is limited to considering whether there is substantial evidence in the record to support the Secretary's decision and whether the correct legal standards were applied. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1497-98 (10th Cir.1992). We cannot reweigh the evidence or substitute our judgment for that of the Secretary. Id. at 1500. "As long as substantial evidence supports the ALJ's determination, the Secretary's decision stands." Id.
 
 
 6
 As an initial matter, claimant argues that res judicata prevented the ALJ from reversing his prior disability determination. We disagree.
 
 
 7
 The ALJ's determination in 1991 awarding benefits to claimant was an "initial determination."
 
 
 8
 An "initial determination" is a determination made by the Secretary about a claimant's entitlement to benefits which gives the claimant the right to further review. 20 C.F.R. 404.900(a)(1); 20 C.F.R. 404.902. Determinations of entitlement or continuing entitlement to benefits ... are "initial determinations." 20 C.F.R. 404.902(a).... An "initial determination" is binding unless the claimant requests a reconsideration within the statutory period or the Secretary revises or reopens the "initial determination." 20 C.F.R. 404.905.
 
 
 9
 Draper v. Sullivan, 899 F.2d 1127, 1130 (11th Cir.1990)(emphasis added). Because claimant requested and was granted a reconsideration within the applicable statutory period, the Secretary was not bound by her previous determination regarding claimant's disability.
 
 
 10
 A decision may be reopened "within 12 months of the date of the notice of the initial determination, for any reason." 20 C.F.R. 404.988(a). Here, claimant requested reopening eight months after the November 1991 decision; that request was granted a month later. After reopening, the earlier decision may be revised, 20 C.F.R. 404.987(a); new evidence is not required to justify a revision, see 20 C.F.R. 404.992(d). Thus, the ALJ was well within his authority to revise his earlier determination after claimant had requested reconsideration.
 
 
 11
 The next issue is whether the decision upon reconsideration was supported by substantial evidence. We have reviewed the ALJ's thorough and well-constructed opinion and find that all reasons advanced for his conclusions are supported by substantial evidence in the record. We note, particularly, that the ALJ's redetermination was based largely on a reevaluation of claimant's credibility and that of his supporting witnesses. Credibility determinations are the province of the ALJ to which this court generally defers. Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir.1993). We discern no basis upon which to upset that determination in this case.
 
 
 12
 Our affirmance of the ALJ's decision that claimant was not disabled during the period of his insured status makes it unnecessary for us to address the reopening of the 1981 claim.[2]
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Additionally, the Secretary's determination not to reopen the 1981 case is unreviewable by this court unless claimant has presented a colorable constitutional claim. See Califano v. Sanders, 430 U.S. 99, 107-08 (1977). Far from developing any constitutional argument, claimant merely states, without any supporting rationale, that the 1981 claim should be reopened. This presentation is insufficient to garner appellate review. See Dixon v. City of Lawton, 898 F.2d 1443, 1449 n. 7 (10th Cir.1990)(issue will be deemed abandoned if not argued in brief on appeal)