74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 H.D. HULETT, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-5015.
 United States Court of Appeals, Tenth Circuit.
 Jan. 10, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[2]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P.
 
 
 2
 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from the district court's decision affirming the Secretary's termination of disability benefits. This court will review the Secretary's decision to insure that the findings of fact are supported by substantial evidence and that the Secretary applied the law correctly. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir.1995). Upon consideration of the record and the parties' appellate arguments, we affirm the Secretary's recovery of payments "commencing in April 1984 and continuing through August 1986," see II Appellant's App. at 13. We reverse and remand this cause to the extent that the Secretary's decision allows recovery for any payments made prior to April 1984.
 
 
 4
 The Secretary determined that plaintiff was entitled to receive disability benefits as a result of a heart attack he suffered in June 1979. In 1982, however, in light of plaintiff's reported earnings of $22,900 for 1979, $5,773 for 1980, and $20,685 for 1981, the Secretary inquired whether plaintiff was engaged in substantial gainful activity, which would make him ineligible to receive disability benefits, 20 C.F.R. 404.1520(b); Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir.1989). After an investigation, the Secretary decided to continue plaintiff's disability benefits, determining that plaintiff was not engaged in substantial gainful activity, despite these reported earnings.
 
 
 5
 In 1983, the Secretary again made a determination to continue benefits, following a medical review. At that time, the Secretary noted that "[s]ince work activity hasn't changed since [substantial gainful activity] determination was made no additional development is needed concerning work activity." II Appellant's App. at 140.
 
 
 6
 In June 1986, however, the Secretary terminated plaintiff's disability benefits, in light of his performance of substantial gainful activity as president of Aztec Energy, Inc., and through his real estate affiliations. In doing so, the Secretary reopened the original disability determination and concluded that plaintiff's application for benefits involved "fraud or similar fault" because plaintiff had actually never been disabled. Id. at 13. "[N]either the claimant nor any of his witnesses have established a credible explanation for the claimant's substantial earnings of 1979 and 1980 which would preclude the existence of substantial gainful activity during said periods of time." Id. at 15. The Secretary, therefore, determined that "the entirety of the disability insurance benefits which the claimant has collected were obtained by fraud and constitute overpayment." Id. at 16. The district court affirmed.
 
 
 7
 Plaintiff argues that the Secretary erred in reopening the initial disability determination. In order to reopen that decision, eleven years later, the Secretary had to first determine that that initial determination was the product of "fraud or similar fault." See 20 C.F.R. 404.988(c)(1). The Secretary did determine that plaintiff "initially establish[ed] his right [to] disability insurance benefits through fraud," II Appellant's App. at 16, in light of his reported earnings for the years 1979 and 1980, id. at 15. Plaintiff argues, however, that the Secretary's 1982 and 1983 decisions to continue benefits preclude the Secretary from reopening the original disability determination. We agree.
 
 
 8
 "The regulations promulgated under the Social Security Act establish a scheme for ensuring finality in the Secretary's determinations. 20 C.F.R. 404.905, 404.987-404.989. It is by now well established that these regulations embody fundamental and familiar principles of res judicata." Dugan v. Sullivan, 957 F.2d 1384, 1387 (7th Cir.1992). A decision to continue disability benefits is an "initial determination," 20 C.F.R. 404.902(a), which in turn is a "determination," 20 C.F.R. 404.901, subject to the administrative res judicata provisions of 20 C.F.R. 404.987-404.989. See Dugan, 957 F.2d at 1387-88; Draper v. Sullivan, 899 F.2d 1127, 1130 (11th Cir.1990).
 
 
 9
 The Secretary's 1982 and 1983 decisions to continue disability benefits were made following an investigation of these same reported earnings for 1979 and 1980, as well as those for 1981, based upon the Secretary's determination that those reported earnings were not the result of substantial gainful activity. The Secretary does not allege the existence of any new indices of fraud that she currently possesses that were unavailable when the Secretary made these continuation determinations. Significantly, the Secretary has never sought to reopen the 1982 or 1983 decisions to continue benefits. See Lauer v. Bowen, 818 F.2d 636 (7th Cir.1987)(Secretary could not ignore previous ruling that claimant's work was not substantial gainful activity). The 1982 and 1983 continuation-of-benefits determinations, therefore, preclude the Secretary from reopening the initial disability determination, based upon those same reported earnings. See Dugan, 957 F.2d at 1387-88, 1391; Draper, 899 F.2d at 1130.
 
 
 10
 The Secretary further determined, however, that plaintiff had engaged in substantial gainful activity, see 20 C.F.R. 1575(a), beginning in 1984. After reviewing the record and considering the parties' appellate arguments, we conclude that the record does contain substantial evidence to support this finding of fact.
 
 
 11
 To the extent that the Secretary's decision allows recovery for all disability benefits paid, therefore, we reverse the district court's affirmance of that determination. We, however, affirm the district court's decision upholding the Secretary's determination to the extent it authorizes recovery of payments made "commencing in April 1984 and continuing through August 1986," II Appellant's App. at 13.
 
 
 12
 The judgment of the United States District Court for the Northern District of Oklahoma is, therefore, AFFIRMED in part, REVERSED in part, and REMANDED to the district court with instructions to remand to the Secretary for further proceedings not inconsistent with this order and judgment.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470