[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15939
Non-Argument Calendar

_____

Agency Docket No. A95-241-237

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2005
THOMAS K. KAHN
CLERK

ROBERTO ANTONIO BARBERENA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from a Final Order
of the Board of Immigration Appeals

_____

(June 23, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Roberto A. Barberena, proceeding *pro se*, petitions for review of the Board

of Immigration Appeals' ("BIA's") order affirming the Immigration Judge's

("IJ's") determination denying Barberena asylum and withholding of removal.[1]

Because Barberena's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), apply. Barberena argues that the IJ erred in finding that Barberena failed to demonstrate a well-founded fear of persecution due to his political opinions because Barberena provided substantial evidence of instances of persecution by the Sandinistas.

A.    Asylum

The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ]'s decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation omitted). We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion, thereby making the IJ's decision the final

---

[1] Barberena failed to preserve his United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") claim on appeal. Mentioning his CAT claim in Barberena's statement of the issues did not sufficiently preserve his claim for appeal. Rather, Barberena needed to specifically argue for relief under the CAT, and he did not. *See Draper v. Sullivan*, 899 F.2d 1127, 1130 n.3 (11th Cir. 1990).

agency determination. *See Mendoza v. U.S. Atty. Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

An alien who arrives in, or is present in, the United States may apply for asylum. *See* INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined as

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of *persecution or a well-founded fear of persecution on account of* race, religion, nationality, membership in a particular social group, or *political opinion. . . .*

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) (emphasis added). The asylum applicant carries the burden of proving statutory "refugee" status. *See Al Najjar*, 257 F.3d at 1284.

To establish asylum eligibility, the petitioner must establish, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, such as political opinion or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a),(b). If the petitioner demonstrates past persecution, he or she is presumed to have a well-

founded fear of future persecution unless the government can rebut this presumption by showing a fundamental change in circumstances in the country or the ability to avoid future persecution by relocating within the country. 8 C.F.R. § 208.13(b)(1). If the petitioner cannot show past persecution, then he or she must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *See Al Najjar*, 257 F.3d at 1289. The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (quotation omitted).

The INA does not expressly define "persecution" for purposes of qualifying as a "refugee." However, we have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted).

To establish the necessary causal connection between the political opinion and the feared persecution, the alien must present specific, "detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion." *Sepulveda*, 401 F.3d at 1231 (quotation omitted) (emphasis

4

in original). Furthermore, a refugee must first pursue an "internal resettlement alternative" in their own country, or establish that this is not possible, before seeking asylum in the United States. *Mazariegos v. U.S. Atty. Gen.*, 241 F.3d 1320, 1326-27 (11th Cir. 2001).

In this case, substantial evidence supports the IJ's finding that Barberena did not suffer past persecution or have a well-founded fear of persecution on account of his political activities. Barberena presented only two incidents in which the Sandinistas allegedly threatened him: (1) his being detained for questioning for six hours without being physically harmed and (2) his receiving threatening phone calls, and both of these incidents occurred at least ten years after Barberena was involved with a group opposing the Sandinistas, and no evidence was presented directly linking the incidents to the Sandinistas. Moreover, Barberena stated that his main fear was that the Sandinistas would win the election in 2001 and be able to harm him if he returned to Nicaragua. However, the Sandinistas lost the election and the current government is working with the Sandinistas to try to maintain a more peaceful co-existence.

B.     Withholding of Removal

The IJ's factual determination that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence. *See Al Najjar*,

5

257 F.3d at 1283-84. An alien is entitled to withholding of removal under the INA if he or she can show that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. *Mendoza*, 327 F.3d at 1287; *see also* INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). As a general rule, however, if "an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation." *Al Najjar*, 257 F.3d at 1292-93 (quotation omitted).

Because Barberena failed to establish past persecution or a well-founded fear of persecution sufficient to support his asylum claim, as discussed above, he cannot establish that he is eligible for withholding of removal under the INA.

Upon review of the record, and having considered the briefs of the parties, we discern no reversible error. Based on the foregoing, we deny the petition.

**PETITION DENIED.**